IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAOUL LAFOND,                )
                             )
        Plaintiff,            )
                             )
        v.                   )       1:20CV557
                             )
RICHARD S. GLASER, JR., et al., )
                             )
        Defendant(s).         )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner convicted in this District of drug, firearm, and money laundering counts in case 2:96CR212-1, submitted a pro se complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), together with the $400.00 filing fee. Plaintiff names four current or former federal prosecutors as Defendants based on their alleged forging of the indictment or proceeding on that forged indictment in his criminal case in this Court. He seeks $35,000,000 in damages from each Defendant.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the

As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Principles of immunity applicable to § 1983 also apply to Bivens actions. Ehrlich v. Giuliani, 910 F.2d 1220, 1222 n.2 (4th Cir. 1990); Lyles v. Sparks, 79 F.3d 372, 376 n.4 (4th Cir. 1996).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and fails to state a claim and because it seeks monetary damages from defendants with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his criminal convictions in this Court. Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, or, finally,

---

court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

called into question by through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and the Court takes judicial notice that Plaintiff's convictions remain intact. Therefore, dismissal is proper for this reason alone.

To any extent that Plaintiff's claims are not barred under Heck, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (stating that because there is no federal statute imposing a statute of limitations in a Bivens action, the Court must look to state law); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. The alleges actions about which Plaintiff complains occurred prior to his conviction in 1997. Further, he has been raising some form of the current allegations in this Court since at least November of 2016. (See 2:96CR212-1, Doc. #467.) His current filing is well out of time.

Finally, Plaintiff's claims are also barred by prosecutorial immunity because prosecutors have absolute immunity for their participation in the judicial process. Buckley

4

Case 1:20-cv-00557-CCE-JEP   Document 2   Filed 11/30/20   Page 4 of 5

v. Fitzsimmons, 509 U.S. 259, 269-70 (1993).  All of the named Defendants are sued based on their actions as prosecutors in Plaintiff's criminal case in this Court.  His claims fail for this additional reason and should be dismissed.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and failing to state a claim, as well as for seeking monetary relief against defendants who are immune from such relief.

This, the 30th day of November, 2020.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge